**IN THE COURT OF COMMON PLEAS**
**PICKAWAY COUNTY, OHIO**

**EARL KENNON**
c/o The Becker Law Firm
1111 Superior Avenue East, Suite 400
Cleveland, Ohio 44114

Plaintiff,

-vs-

**DEPCOM POWER, INC.**
c/o Registered Agent
United Agent Group Inc.
119 E. Court Street
Cincinnati, Ohio 45202

*and*

**KOCH, INC.**
4111 East 37th Street North
Wichita, Kansas 67220

*and*

**VERMEER MANUFACTURING COMPANY d/b/a Vermeer Corporation**
c/o Registered Agent
CT Corporation System
4400 Easton Commons Way, Suite 125
Columbus, Ohio 43219

*and*

**UNITED RENTALS, INC.**
100 First Stamford Place, Suite 700
Stamford, Connecticut 06902

*and*

**UNITED RENTALS (NORTH AMERICA), INC.**
100 First Stamford Place, Suite 700
Stamford, Connecticut 06902

CASE NUMBER 2025 CI 023

JUDGE Chafin

**PLAINTIFF'S ORIGINAL COMPLAINT**

Jury Demand Endorsed Hereon

FILED-COMMON PLEAS
2025 JAN 28 PM 1:34
CLERK OF COURTS
PICKAWAY COUNTY

c/o Registered Agent
Corporation Service Company
1160 Dublin Road, Suite 400
Columbus, Ohio 43215

*and*

**DOMINION ENERGY, INC.**
120 Tredegar Street
Richmond, Virginia 23219

**DOMINION ENERGY SERVICES, INC.**
c/o Registered Agent
CT Corporation System
4400 Easton Commons Way, Suite 125
Columbus, Ohio 43219

*and*

**DOMINION SOLAR PROJECTS VII, INC.**
120 Tredegar Street
Richmond, Virginia 23219

*and*

**ATLANTA FARMS SOLAR PROJECT, LLC**
c/o Registered Agent
CT Corporation System
4400 Easton Commons Way, Suite 125
Columbus, Ohio 43219

*and*

**JOHN DOES (I-X)**
("Names Unknown")
[Persons whose actual names are unknown and whose names and addresses Plaintiffs could not discover]

| | |
|---|---|
| **ABC CORPORATIONS (I-X)**<br>("Names Unknown")<br>Businesses or entities whose actual names are unknown and whose names and addresses Plaintiffs could not discover]<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**INTRODUCTORY ALLEGATIONS**

1. Plaintiff is a resident of Pearland, Brazoria County, Texas.

2. Defendant Depcom Power, Inc., ("*Depcom*") is a foreign corporation doing business in the State of Ohio through its design, development, engineering, procurement, construction, management, and/or maintenance of power projects throughout Ohio, specifically including, but not limited to the Atlanta Farms Solar Project site at 11524 US-22, Williamsport, Pickaway County, Ohio.

3. At all relevant times, Depcom acted by and through its respective agents, servants, workmen and employees, who were acting within the scope of their authority and employment.

4. Defendant Koch, Inc., ("*Koch*") is a foreign corporation doing business in the State of Ohio through its design, development, engineering, procurement, construction, management, and/or maintenance of power projects throughout Ohio, specifically including, but not limited to the Atlanta Farms Solar Project site at 11524 US-22, Williamsport, Pickaway County, Ohio.

5. At all relevant times, Koch acted by and through its respective agents, servants, workmen and employees, who were acting within the scope of their authority and employment.

6. Defendant Vermeer Manufacturing Company d/b/a Vermeer Corporation

("*Vermeer*") is a foreign corporation doing business in the State of Ohio with places of business located throughout Ohio, specifically including, but not limited to Butler County, Ohio; Hancock County, Ohio; Fayette County, Ohio; and Medina County, Ohio.

7. At all relevant times, Vermeer acted by and through its respective agents, servants, workmen and employees, who were acting within the scope of their authority and employment.

8. Defendant United Rentals, Inc. ("*United Rentals*") is a foreign corporation doing business in the State of Ohio with places of business located throughout Ohio, specifically including, but not limited to Pickaway County, Ohio.

9. At all relevant times, United Rentals acted by and through its respective agents, servants, workmen and employees, who were acting within the scope of their authority and employment.

10. Defendant United Rentals (North America), Inc. ("*United Rentals North America*") is a foreign corporation doing business in the State of Ohio with places of business located throughout Ohio, specifically including, but not limited to Pickaway County, Ohio.

11. At all relevant times, United Rentals North America acted by and through its respective agents, servants, workmen and employees, who were acting within the scope of their authority and employment.

12. Defendant Dominion Energy, Inc. ("*Dominion*") is a foreign corporation doing business in the State of Ohio through its design, development, engineering, procurement, construction, management, and/or maintenance of power projects throughout Ohio, specifically including, but not limited to the Atlanta Farms Solar Project

site at 11524 US-22, Williamsport, Pickaway County, Ohio.

13. At all relevant times, Dominion acted by and through its respective agents, servants, workmen and employees, who were acting within the scope of their authority and employment.

14. Defendant Dominion Energy Services, Inc. ("Dominion Energy Services") is a foreign corporation doing business in the State of Ohio through its design, development, engineering, procurement, construction, management, and/or maintenance of power projects throughout Ohio, specifically including, but not limited to, the Atlanta Farms Solar Project site at 11524 US-22, Williamsport, Pickaway County, Ohio.

15. At all relevant times, Dominion Energy Services acted by and through its respective agents, servants, workmen and employees, who were acting within the scope of their authority and employment.

16. Defendant Dominion Solar Farms Projects VII, Inc. ("*Dominion Solar*") is a foreign corporation doing business in the State of Ohio through its design, development, engineering, procurement, construction, management, and/or maintenance of power projects throughout Ohio, specifically including, but not limited to the Atlanta Farms Solar Project site at 11524 US-22, Williamsport, Pickaway County, Ohio.

17. At all relevant times, Dominion Solar acted by and through its respective agents, servants, workmen and employees, who were acting within the scope of their authority and employment.

18. Defendant Atlanta Farms Solar Project, LLC ("*Atlanta Farms*") is a foreign limited liability company operating under and by virtue of the State of Ohio through its design, development, engineering, procurement, construction, management, and/or

maintenance of power projects throughout Ohio, specifically including, but not limited to the Atlanta Farms Solar Project site at 11524 US-22, Williamsport, Pickaway County, Ohio.

19. At all relevant times, Atlanta Farms acted by and through its respective agents, servants, workmen and employees, who were acting within the scope of their authority and employment.

20. Defendants, John Does (I-X), are unknown individuals, business entities, or organizations that were responsible for the provision, management, inspection, maintenance, service, and/or repair of equipment at the Atlanta Farms Solar Project site at 11524 US-22, Williamsport, Pickaway County, Ohio. The identities of these individuals or entities are not known to the Plaintiff who consequently sue these Defendants by their fictitious names. Plaintiff will seek leave to amend this Complaint to state the true names and capacities of these fictitiously named Defendants when they have been ascertained.

21. Defendants, ABC Corporations (I-X), are unknown individuals, business entities, or government organizations that were responsible for the provision, management, inspection, maintenance, service, and/or repair of equipment at the Atlanta Farms Solar Project site at 11524 US-22, Williamsport, Pickaway County, Ohio. The identities of these individuals or entities are not known to the Plaintiff who consequently sue these Defendants by their fictitious names. Plaintiff will seek leave to amend this Complaint to state the true names and capacities of these fictitiously named Defendants when they have been ascertained.

22. Venue in this Court is proper in Pickaway County, Ohio, pursuant to Rules 3(C)(3) and 3(C)(6) of the Ohio Rules of Civil Procedure, because Pickaway is the county

in which the Defendants conducted activity that gave rise to the claim for relief and where all or part of the claim for relief arose.

**FACTS**

23. Prior to March 23, 2023, Vermeer designed, manufactured, marketed, and sold the Vermeer PD10 pile diver (the "*Subject Pile Driver*") at issue in this matter. Upon information and belief, Vermeer sold the Subject Pile Driver to one of Depcom, Koch, Dominion, Dominion Solar, and/or Atlanta Farms United Rentals, United Rentals North America, John Does (I-X) and/or ABC Corporation (I-X) for use on a solar farm worksite.

24. The Subject Pile Driver is a heavy piece of machinery used in construction to drive piles deep into the ground to support solar panels on solar farms.

25. Prior to March 23, 2023, Depcom, Koch, Dominion, Dominion Solar, and/or Atlanta Farms designed, developed, engineered, procured, constructed, operationally managed, controlled, inspected, surveyed, and/or maintained the Atlanta Farms Solar Project construction site at 11524 US-22, Williamsport, Ohio (the "*Worksite*").

26. The Atlanta Farms Solar Project is a 200-megawatt solar facility located at 11524 US-22, Williamsport, Pickaway County, Ohio.

27. At all relevant times, Depcom, Koch, Dominion, Dominion Solar, and/or Atlanta Farms maintained operational control over the means and methods of work performed at the Worksite, including the work being performed at the time of the underlying incident.

28. At all relevant times, Depcom, Koch, Dominion, Dominion Solar, and/or Atlanta Farms also maintained authority and control over the safety of the Worksite.

Depcom, Koch, Dominion, Dominion Solar, and/or Atlanta Farms disregarded the safety of workers at the Worksite, including Mr. Kennon, by allowing and instructing work to be done with the use of unsafe equipment.

29. Upon information and belief, prior to March 23, 2023, United Rentals, United Rentals North America, John Does (I-X), and/or ABC Corporation (I-X) owned and supplied the Subject Pile Driver for use at the Worksite.

30. The Subject Pile Driver was being used at the Worksite to drive piles into the ground to support the solar panel structures.

31. Prior to March 23, 2023, Depcom, Vermeer, Koch, United Rentals, United Rentals North America, Dominion, Dominion Solar, Atlanta Farms, John Does (I-X) and/or ABC Corporation (I-X) owned, operated, controlled, inspected, serviced, maintained, and/or repaired the Subject Pile Driver and the associated equipment.

32. At all relevant times, Depcom, Vermeer, Koch, United Rentals, United Rentals North America, Dominion, Dominion Solar, Atlanta Farms, John Does (I-X), and/or ABC Corporation (I-X) were responsible for inspecting, maintaining, servicing, and/or repairing all machinery used by Plaintiff and other Ridgeline employes in the construction of solar panels at the Worksite, including the Subject Pile Driver involved in the underlying incident.

33. Prior to March 23, 2023, Ridgeline Energy Analytics, Inc. ("*Ridgeline*") contracted with Depcom for work on the Atlanta Farms Solar Project.

34. As of March 23, 2023, the Subject Pile Driver at the Worksite was advertised to be equipped with an operator presence switch which is supposed to stop operation of the Subject Pile Driver in the instance an operator was not seated in the seated operator's

station of the Subject Pile Driver. The Subject Pile Driver was defective and malfunctioning, allowing the Subject Pile Driver to continue operating despite the operator not being present in the seated operator's station, creating a hazardous condition for workers required to work with or near the Subject Pile Driver.

35. As of March 23, 2023, the Subject Pile Driver at the Worksite lacked adequate and proper warnings, failing to warn that the Subject Pile Driver would continue operating when the operator had left the seated operator's station, that the hammer of the Subject Pile Driver would drop without operator activation, and when the crush hazard was present, rendering the Subject Pile Driver unreasonably dangerous.

36. On March 23, 2023, Mr. Kennon, was working at the Worksite as a machine operator employed by Ridgeline. Mr. Kennon was sitting in the seated operator's station of the Subject Pile Driver, operating the machine to drive piles at the Worksite along with two other Ridgeline employees.

37. Upon information and belief, Depcom, Vermeer, Koch, United Rentals, United Rentals North America, Dominion, Dominion Solar, Atlanta Farms, John Does (I-X) and/or ABC Corporation (I-X) were aware that the Subject Pile Driver at the Worksite was defective and/or malfunctioning but failed to adequately inspect, service, maintain, and/or repair the machine and/or remove the machine from use.

38. Mr. Kennon ceased operations of the Subject Pile Driver, exited the seated operator's station on the machine, climbed down from the machine, and was standing near the hammer portion of the Subject Pile Driver when suddenly, and without warning, the Subject Pile Driver's hammer dropped, causing the hammer's head to come down violently, striking Mr. Kennon on his head and neck area, crushing him, and causing

catastrophic injuries.

## COUNT I

39. Plaintiff adopts and incorporates herein by reference all claims, counts, allegations and averments contained in the Complaint, whether stated before or after this claim or count, as if same were fully rewritten herein.

40. Upon information and belief, Vermeer, designed, manufactured, marketed, and/or sold the Subject Pile Driver that injured Mr. Kennon.

41. Vermeer manufactured the Subject Pile Driver with a defective seated operator's station operator presence switch that failed to perform as safely as an ordinary consumer would expect when the Subject Pile Driver is used in a reasonably foreseeable manner, which rendered the Subject Pile Driver defective and unreasonably dangerous and proximately caused the underlying occurrence and Plaintiff's resulting damages. Had the operator presence switch in the seated operator's station worked safely and properly performed, the Subject Pile Driver—including the hammer—would not have been able to operate without an operator sitting in the seated operator's station. Yet, despite the lack of Mr. Kennon, or any operator in the seated operator's station, the hammer of the Subject Pile Driver came down suddenly, and without warning striking Mr. Kennon.

42. Vermeer's design of the Subject Pile Driver included harmful characteristics and/or consequences of its design that outweighed the benefits of the design and were not observable by Mr. Kennon, which rendered the Subject Pile Driver defective, unreasonably dangerous, and proximately caused the underlying occurrence and Mr. Kennon's resulting damages. Said harmful characteristics include, but are not limited to, defective design of the operator presence switch triggered when an operator is not seated

in the seated operator's station of the Subject Pile Driver. Moreover, Vermeer failed to incorporate available technology to identify a person in the path of travel, including but not limited to radar and infrared technology.

43. Vermeer failed to give adequate and proper warnings and instructions regarding the dangers and proper use of the Subject Pile Driver, including but not limited to failing to warn that the machine would continue to operate when the operator had left the seated operator's station and failing to warn when the crush hazard was present. Alternatively, Vermeer failed to give adequate and proper warnings and instructions that the Subject Pile Driver may continue to operate despite the operator not being seated in the seated operator's station. Such failures rendered the Subject Pile Driver defective and unreasonably dangerous and proximately caused the underlying occurrence and Mr. Kennon's resulting damages.

44. Among other things, Vermeer failed to adequately warn purchasers, users, and/or operators regarding: (1.) the dangers associated with using the Subject Pile Driver; (2.) the significant risks of serious bodily harm and/or death if the Subject Pile Driver is misused and/or improperly inspected, serviced, maintained, and/or repaired; and (3.) the significant risks of serious bodily harm and/or death that may result from walking around and/or underneath the Subject Pile Driver.

45. Vermeer was negligent in the manufacturing, marketing, selling, distributing, and/or supplying the Subject Pile Driver. Defendant engaged in certain acts and/or omission constituting negligence, including, but not limited to, the following:

a. Failing to design equipment that would safely detect, warn and/or slow or stop the Subject Pile Driver to avoid harming a human both generally and under the circumstances of this case;

b. Failing to design and manufacture machinery, including the Subject Pile Driver, that would cease operation when the operator was not in the seated operator's station;

c. Failing to design and manufacture machinery, including the Subject Pile Driver, as advertised to consumers or operators, like Mr. Kennon;

d. Failing to provide adequate and proper warnings and/or instructions to effectively minimize the risk of the Subject Pile Driver colliding with humans under foreseeable circumstances;

e. Failing to design and equip the pile driver with alternative, technologically feasible and safer components which would have prevented, mitigated, or minimized the risk of significant injury associated with human contact incidents and, therefore, allowing the risks of harm to outweigh the benefits of the selected design regarding the use of the Subject Pile Driver;

f. Failing to provide adequate and proper warnings of hazards that could occur from foreseeable misuse and/or improper inspection, service, maintenance, and/or repair of the Subject Pile Driver;

g. Failing to adequately relay warnings and instructions to purchasers of the Subject Pile Driver, and failing to adequately warn foreseeable consumers/users/purchasers of the unreasonable dangerous and defective condition(s) of the equipment, despite the fact that this Defendant knew or should have known of the unreasonably dangerous condition(s);

h. Failing to exercise ordinary care in discharging its duties as a manufacturer and/or seller of dangerous products;

i. Selling a product that was defective, unreasonably dangerous, and unfit for use by purchasers, consumers, and/or operators;

j. Knowingly disregarding an extreme degree of risk that the Subject Pile Driver could be used in a dangerous manner due to the lack of adequate and proper warnings and/or instructions;

k. Failing to provide reasonable and adequate warnings to purchasers and/or users of the Subject Pile Driver to alert them to the dangerous conditions described above;

l. Failing to disclose known defects to consumers and the public at large;

m. Failing to notify consumers/users/purchasers, as required by law, that a defect existed in the equipment that relates to public safety;

n. Marketing the vehicle as a safe item of equipment while in fact it was not safely designed in accordance with the consumer expectation test;

o. Failing to provide reasonable and adequate warnings to bystanders/users/consumers near the Subject Pile Driver to alert them to the dangers of walking around and/or underneath the Subject Pile Driver; and

p. Other acts and/or omissions deemed negligent by the jury.

46. As a direct and proximate result of actions, failures, and/or negligence of the employees, representatives, or agents of Vermeer, Mr. Kennon suffered and sustained severe, debilitating personal injury and bodily damage; endured considerable physical pain and suffering, and mental and emotional anguish; incurred significant medical and hospital and related expenses; lost wages, earning capacity, and suffered other economic and non-economic injuries, all of which the above named Defendant is liable for.

47. As a further direct and proximate result of actions, failures, and/or negligence of the employees, representatives, or agents of Vermeer, Mr. Kennon required and continues to require medical care and treatment for which Mr. Kennon has incurred and will continue to incur expenses for the evaluation, diagnosis, care and treatment of his injuries, all of which the above-named Defendant is liable for.

48. As a further direct and proximate result of actions, failures, and/or negligence of the employees, representatives, or agents of Vermeer, Mr. Kennon suffered and will continue to suffer a loss of income and earning potential and capacity into the future, all of which the above-named Defendant is liable for.

49. As a further direct and proximate result of actions, failures, and/or negligence of the employees, representatives, or agents of Vermeer, Mr. Kennon will continue to suffer extreme pain and mental anguish, and he will continue to incur medical

expenses as a direct consequence thereof.

50. The aforesaid actions, failures, and/or negligence of the employees, representatives, or agents of Vermeer demonstrate a conscious, reckless and/or flagrant disregard for the rights and safety of another person, including Mr. Kennon, which has a great probability of causing substantial harm, thereby also entitling Mr. Kennon to an award of punitive damages.

**COUNT II**

51. Plaintiff adopts and incorporates herein by reference all claims, counts, allegations and averments contained in the Complaint, whether stated before or after this claim or count, as if same were fully rewritten herein.

52. Defendants Depcom, Koch, Dominion, Dominion Solar, and/or Atlanta Farms retained and exercised control over the worksite, over Mr. Kennon's work activities, over critical variables in the workplace, and/or over the work activities that caused Mr. Kennon's injuries. As such, employees, representatives, and/or agents of Depcom, Koch, Dominion, Dominion Solar, and/or Atlanta Farms owed a duty of reasonable care to Mr. Kennon.

53. On March 23, 2023, Depcom, Koch, Dominion, Dominion Solar, and/or Atlanta Farms were negligent and breached the duty of care they owed to Mr. Kennon by allowing dangerous conditions to exist at the Worksite, including but not limited to:

a. Failing to provide adequately functional equipment on the Worksite;
b. Failing to adequately maintain instrumentalities used on the Worksite;
c. Failing to provide proper instrumentalities at the Worksite to perform occupational activities safely;

d. Failing to properly train their employees in the techniques of adequately inspecting the safety of Worksite instrumentalities;

e. Failing to properly train their employees in the techniques of adequately maintaining Worksite instrumentalities;

f. Failing to properly train their employees in the techniques of adequately supervising and ensuring the safety of the Worksite;

g. Failing to develop and implement proper safety protocols for the individuals engaged in Worksite operations;

h. Failing to enforce any existent precautionary measures and safety protocols regarding Worksite operations;

i. Failing to develop and implement proper safety protocols for inspecting Worksite instrumentalities;

j. Failing to enforce any existent precautionary measures and safety protocols for inspecting Worksite instrumentalities;

k. Failing to develop and implement proper safety protocols for maintaining, servicing, and/or repairing Worksite instrumentalities;

l. Failing to enforce any existent precautionary measures and safety protocols for maintaining, servicing, and/or repairing Worksite instrumentalities;

m. Failing to develop and implement proper safety protocols for reporting any dangerous condition found at the Worksite;

n. Failing to enforce any existent precautionary measures and safety protocols for reporting any dangerous condition found at the Worksite;

o. Failing to develop and implement proper safety protocols for fixing and/or repairing any dangerous condition found at the Worksite;

p. Failing to enforce any existent precautionary measures and safety protocols for fixing and/or repairing any dangerous condition found at the Worksite;

q. Failing to provide a reasonably safe workplace;

r. Failing to develop and implement proper workplace safety protocol;

s. Failing to properly and adequately inspect for any dangerous condition on the Worksite;

t. Failing to make safe any dangerous condition on the Worksite;

u. Failing to properly and adequately warn of any hazardous conditions on the Worksite;

v. Failing to properly and adequately warn of improperly maintained instrumentalities on the Worksite;

w. Failing to make the Worksite reasonably safe;

x. Failing to make instrumentalities on the Worksite reasonably safe;

y. Failing to take remedial action for known hazards;

z. Failing to remove hazardous conditions from the Worksite;

aa. Failing to properly and adequately service, inspect, maintain, and/or repair the Subject Pile Driver;

bb. Failing to ensure that the Subject Pile Driver was reasonably safe for operation;

cc. Failing to properly and adequately communicate the hazards of the Subject Pile Driver;

dd. Failing to properly and adequately warn of the dangerous condition of the Subject Pile Driver;

ee. Disregarding an extreme risk of harm by failing to adequately inspect the Subject Pile Driver for hazardous conditions;

ff. Disregarding the safety of bystanders in the vicinity of the Subject Pile Driver; and

gg. Other acts and/or omissions deemed negligent by the jury.

54. On March 23, 2023, Depcom, Koch, Dominion, Dominion Solar, and/or Atlanta Farms were negligent and breached the duty of care it owed to Mr. Kennon by exposing him to extremely and unreasonably dangerous processes, procedures, and/or conditions including, without limitations, one or more of those conditions set forth in the preceding paragraph.

55. As a result of the aforesaid actions, failures, and/or negligence of the employees, representatives, or agents of Depcom, Koch, Dominion, Dominion Solar, and/or Atlanta Farms, Mr. Kennon suffered the serious and permanent injuries set forth in Count One.

56. Depcom, Koch, Dominion, Dominion Solar, and/or Atlanta Farms are individually and/or jointly and severally liable for Mr. Kennon's injuries and damages.

## COUNT III

57. Plaintiff adopts and incorporates herein by reference all claims, counts, allegations and averments contained in the Complaint, whether stated before or after this claim or count, as if same were fully rewritten herein.

58. Plaintiff believes and therefore states that Depcom, Koch, Dominion, Dominion Solar, and/or Atlanta Farms committed one or more acts with the intent to injure another and/or with the belief that injury was substantially certain to occur and that as a direct and proximate result of Depcom, Koch, Dominion, Dominion Solar, and/or Atlanta Farms's conduct or omissions, Mr. Kennon suffered the injuries, harms and losses and damages as more fully described in Count One.

59. Before Mr. Kennon was injured, Depcom, Koch, Dominion, Dominion Solar, and/or Atlanta Farms, by and through its owners/members, managers, supervisors, foremen, trainer(s), agent(s) and/or other personnel who had the right to direct and control Mr. Kennon's work knew:

a. Operating near defective and/or malfunctioning heavy machinery, such as the Subject Pile Driver, may result in severe injuries or fatalities;

b. Ridgeline, Depcom, Koch, Dominion, Dominion Solar, and/or Atlanta Farms employees, including Mr. Kennon, were working

around defective and/or malfunctioning machinery, were not properly trained, instructed, or warned about the dangers of defective and/or malfunctioning machinery.

c. Ridgeline, Depcom, Koch, Dominion, Dominion Solar, and/or Atlanta Farms employees, including Mr. Kennon, were working around defective and/or malfunctioning machinery were not provided with or using necessary safety guards, equipment, devices, tools, clothing and PPE to drives piles safely.

d. Ridgeline, Depcom, Koch, Dominion, Dominion Solar, and/or Atlanta Farms employees, including Mr. Kennon, were working around defective and/or malfunctioning machinery without taking any steps to ensure that all machinery was properly and adequately functioning.

60. At all relevant times, Mr. Kennon was instructed required, directed, assigned, requested, allowed, supervised, shown, told, condoned, expected, and/or encouraged by Depcom, Koch, Dominion, Dominion Solar, and/or Atlanta Farms, by and through its owners/members, managers, supervisors, foreman, trainer(s), agent(s), and/or other personnel who had the right to direct and control Mr. Kennons s work to:

a. Encounter an extremely and unreasonably dangerous process, procedure, instrumentality or condition, including without limitation, working around defective and/or malfunctioning heavy machinery, without the necessary safety guards, equipment, tools, devices, training, instruction, warning and supervision;

b. Perform work activities that exposed Mr. Kennon to unreasonably dangerous, unsafe and hazardous conditions, materials, substances, equipment and tools without the protection of proper and required safety guards, equipment, tools, devices, training, instruction, warning and supervision;

c. Work with, work near, or work around defective and/or malfunctioning heavy machinery, without proper, required, and adequate safety guards, equipment, tools, devices, training, instruction, warning and supervision;

61. One or more of these work activities and work areas were extremely and unreasonably dangers and hazardous because of one or more of the following reasons:

a. Mr. Kennon was exposed to unreasonably dangerous, unsafe and hazardous procedures, instrumentalities, conditions, materials, substances, and/or equipment without the protection of proper and required safety guards, equipment, tools, and devices;

b. Mr. Kennon was exposed to unreasonably dangerous, unsafe and hazardous procedures, instrumentalities, conditions, materials, substances, and/or equipment without the protection of proper and required training, instruction, guidance, warning and supervision;

c. Depcom, Koch, Dominion, Dominion Solar, and/or Atlanta Farms deliberately misrepresented the nature or safety of the unreasonably dangerous, unsafe, and hazardous conditions, materials, substances, or equipment that Mr. Kennon was exposed to;

d. Depcom, Koch, Dominion, Dominion Solar, and/or Atlanta Farms deliberately misrepresented the necessity of equipment and training needed to safely work with or in proximity to such unreasonably dangerous, unsafe, and hazardous conditions, materials, substances, or equipment that Mr. Kennon was exposed to;

e. Mr. Kennon was not provided proper and adequate training, instruction, supervision or warning in recognition and avoidance of unsafe conditions and practices;

f. Depcom, Koch, Dominion, Dominion Solar, and/or Atlanta Farms failed to properly initiate and maintain a program of frequent and regular inspections, assessments, measurement, analysis and monitoring of the job site, workers, job tasks, work conditions, work materials, tools and equipment; and/or

g. Safety policies, practices or conditions that would have safeguarded Mr. Kennon were not instituted, followed or enforced.

h. Depcom, Koch, Dominion, Dominion Solar, and/or Atlanta Farms failed to ensure that Subject Pile Driver with which Mr. Kennon was required to work was in proper working order prior to the start of the project.

62. Depcom, Koch, Dominion, Dominion Solar, and/or Atlanta Farms also deliberately misrepresented: (a) the nature or safety of the unreasonably dangerous, unsafe, and hazardous conditions, materials, substances, or equipment that he was exposed to; and/or (b) the necessity of equipment and training needed to safely work with

or in proximity to such unreasonably dangerous, unsafe, and hazardous conditions, materials, substances, or equipment that he was exposed to in light of Depcom, Koch, Dominion, Dominion Solar, and/or Atlanta Farms's failure to ensure that Worksite equipment was in proper working order.

63. Depcom, Koch, Dominion, Dominion Solar, and/or Atlanta Farms knowingly or deliberately removed, failed to provide and/or failed to instruct, require and enforce the use of proper and required safety guards, equipment, tools, and/or devices that would have prevented or greatly minimized the hazards that Mr. Kennon was exposed to on March 23, 2023 and would have prevented or greatly minimized Mr. Kennon's injuries, harms, losses and damages described more fully in Count One.

64. As Mr. Kennon was performing his work as he had been instructed, required, directed, assigned, requested, allowed, supervised, shown, told, condoned, expected, and/or encouraged to do, he sustained the injuries as described more fully in Count One.

65. Depcom, Koch, Dominion, Dominion Solar, and/or Atlanta Farms acted with deliberate intent by, among other things, directing, requiring, instructing, assigning, expecting, allowing, condoning, ratifying and/or encouraging its employees, including Mr. Kennon, to encounter or be subjected to one or more of the items listed in Count Three.

66. As a direct and proximate result of Depcom, Koch, Dominion, Dominion Solar, and/or Atlanta Farms's aforesaid actions, omissions and/or intent, Mr. Kennon suffered the injuries and sustained the damages, harm and losses as more fully described in Count One.

67. Depcom, Koch, Dominion, Dominion Solar, and/or Atlanta Farms are individually and/or jointly and severally liable for Mr. Kennon's injuries and damages.

**COUNT IV**

68. Plaintiff adopts and incorporates herein by reference all claims, counts, allegations and averments contained in the Complaint, whether stated before or after this claim or count, as if same were fully rewritten herein.

69. United Rentals, United Rentals North America, John Does (I-X), and/or ABC Corporation (I-X) owned, provided, inspected, serviced, and/or maintained equipment on the Worksite, including the Subject Pile Driver. As such, employees, representatives, and/or agents of United Rentals, United Rentals North America, John Does (I-X), and/or ABC Corporation (I-X) owed a duty of reasonable care to Mr. Kennon.

70. On March 23, 2023, United Rentals, United Rentals North America, John Does (I-X), and/or ABC Corporation (I-X) were negligent and breached the duty of care they owed to Mr. Kennon by the following, including but not limited to:

a. Failing to provide adequately functional equipment;

b. Failing to adequately maintain provided instrumentalities;

c. Failing to properly train their employees in the techniques of adequately inspecting the safety of provided instrumentalities;

d. Failing to properly train their employees in the techniques of adequately maintaining provided instrumentalities;

e. Failing to develop and implement proper safety protocols for inspecting provided instrumentalities;

f. Failing to enforce any existent precautionary measures and safety protocols for inspecting provided instrumentalities;

g. Failing to develop and implement proper safety protocols for maintaining, servicing, and/or repairing provided instrumentalities;

h. Failing to enforce any existent precautionary measures and safety protocols for maintaining, servicing, and/or repairing provided instrumentalities;

i. Failing to develop and implement proper safety protocols for reporting any dangerous condition of provided instrumentalities;

j. Failing to enforce any existent precautionary measures and safety protocols for reporting any dangerous condition of provided instrumentalities;

k. Failing to develop and implement proper safety protocols for fixing and/or repairing any dangerous condition of provided instrumentalities;

l. Failing to enforce any existent precautionary measures and safety protocols for fixing and/or repairing any dangerous condition of provided instrumentalities;

m. Failing to properly and adequately inspect provided instrumentalities for any dangerous condition;

n. Frailing to make safe any dangerous condition of provided instrumentalities;

o. Failing to properly and adequately warn of any hazardous conditions of provided instrumentalities;

p. Failing to properly and adequately warn of improperly maintained provided instrumentalities;

q. Failing to make provided instrumentalities reasonably safe;

r. Failing to take remedial action for known hazards;

s. Failing to remove provided instrumentalities that created hazardous conditions;

t. Failing to properly and adequately service the Subject Pile Driver;

u. Failing to properly and adequately inspect the Subject Pile Driver;

v. Failing to properly and adequately maintain the Subject Pile Driver;

w. Failing to properly and adequately repair the Subject Pile Driver;

x. Failing to ensure that the Subject Pile Driver was reasonably safe for operation;

y. Failing to properly and adequately communicate the hazards of the Subject Pile Driver;

z. Failing to properly and adequately warn of the dangerous condition of the Subject Pile Driver;

aa. Disregarding an extreme risk of harm by failing to provide a properly functioning Subject Pile Driver;

bb. Disregarding an extreme risk of harm by failing to adequately inspect the Subject Pile Driver for hazardous conditions;

cc. Disregarding the safety of bystanders in the vicinity of the Subject Pile Driver; and

dd. Other acts and/or omissions deemed negligent by the jury.

71. On March 23, 2023, United Rentals, United Rentals North America, John Does (I-X), and/or ABC Corporation (I-X) were negligent and breached the duty of care it owed to Mr. Kennon by exposing him to extremely and unreasonably dangerous conditions including, without limitations, one or more of those conditions set forth in the preceding paragraph.

72. As a result of the aforesaid negligence and carelessness of United Rentals, United Rentals North America, John Does (I-X), and/or ABC Corporation (I-X), Mr. Kennon suffered the serious and permanent injuries set forth in Count One.

73. United Rentals, United Rentals North America, John Does (I-X), and/or ABC Corporation (I-X) are individually and/or jointly and severally liable for Mr. Kennon's injuries and damages.

WHEREFORE, Plaintiffs demand judgment as follows:

A. Judgment against Defendants Depcom, Koch, Vermeer, United Rentals, United Rentals North America, Dominion, Dominion Solar, Atlanta Farms, John Does (I-X) and ABC Corporation (I-X), jointly and/or severally, in an amount in excess of Twenty-Five Thousand Dollars (>$25,000.00) for compensatory damages.

B. Judgment against Defendants Depcom, Koch, Vermeer, United Rentals, United Rentals North America, Dominion, jointly and/or severally, in an amount in excess of Twenty-Five Thousand Dollars (>$25,000.00) for punitive damages.

C. Attorneys' fees and court costs plus interest at the legal rate.

E. Pre-judgment interest and post-judgement interest.

F. Any other relief deemed fair, just, or equitable by the Court.

Respectfully Submitted,

Romney B. Cullers (0053668)
Kristin E. Weinberg (0100850)
**The Becker Law Firm, LPA**
1111 Superior Avenue, East - Suite 400
Cleveland, Ohio 44114
Phone (440) 323-7070; Fax (440) 323-1879
rcullers@beckerlawlpa.com
kweinberg@beckerlawlpa.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiffs hereby demand a trial by jury for all issues raised herein.

Kristin E. Weinberg (0100850)