**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**EARL KENNON,**

**Plaintiff,**

**v.**

**DEPCOM POWER INC., *et al.*,**

**Defendants.**

**Case No. 2:25-cv-204**
**Judge James L. Graham**
**Magistrate Judge S. Courter M. Shimeall**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff Earl Kennon's ("Kennon") Motion for leave to file a Second Amended Complaint (ECF No. 59), Defendant Atlanta Farms Solar Project, LLC's ("Atlanta Farms") Motion for Summary Judgment (ECF No. 48), Plaintiff's Motion pursuant to Rule 56(d) to defer or deny Atlanta Farms's Motion for Summary Judgment (ECF No. 49), and the parties' Joint Motion for Extension of Time to Complete Discovery (ECF No. 73).

### I. BACKGROUND AND PROCEDURAL HISTORY

This action arises from a workplace incident on March 23, 2023, involving a Vermeer PD10 pile driver used during construction of the Atlanta Farms's Solar Project in Pickaway County, Ohio. (ECF No. 35, ¶ 30, at PAGEID #: 355.) Plaintiff was working as a machine operator for Ridgeline Energy Analytics, Inc. ("Ridgeline") and alleges that he was severely injured by the pile driver after he exited the operator's seat. (*Id.* at ¶¶ 30, 32.)

Plaintiff alleges that DEPCOM Power, Inc. ("DEPCOM") and Atlanta Farms designed, developed, engineered, procured, constructed, operationally managed, controlled, inspected, surveyed, and maintained the project worksite. (*Id.* at ¶ 31.) Plaintiff further alleges that

DEPCOM and Atlanta Farms maintained operational control over the means and methods of the work performed there and exercised authority over safety at the site. (*Id.*) Plaintiff further alleges that Ridgeline had contracted with DEPCOM Ridgeline to perform work on the Atlanta Farms Solar Project. (ECF No. 35, ¶ 26, at PAGEID #: 354.)

Plaintiff filed his initial complaint in Pickaway County, Ohio, Court of Common Pleas on January 28, 2025, which was thereafter removed to federal court on March 4, 2025. (ECF No. 1.)

On April 1, 2025, the Court entered a Preliminary Pretrial Order establishing case schedule deadlines. (ECF No. 30.) Relevant here, the deadline to amend the pleadings was set for August 15, 2025, the discovery deadline was set for August 28, 2026, and the dispositive motion deadline was set for September 28, 2026. (*Id.*) On April 10, 2025, the Court granted Plaintiff leave to file an Amended Complaint. (ECF No. 34.)

On December 16, 2025, Atlanta Farms filed a Motion for Summary Judgment. (ECF No. 48.) In response, Plaintiff moved pursuant to Federal Rule of Civil Procedure 56(d) for the Court to defer consideration or deny the motion on the grounds that the motion was premature and that Plaintiff needed additional discovery before he could substantively respond. (ECF No. 49.) Shortly thereafter, Plaintiff filed a motion for leave to file a second amended complaint (ECF No. 59), which DEPCOM opposed (ECF No. 64.)

Finally, on August 24, 2026, the parties jointly moved to extend certain case schedule deadlines pending summary judgment and mediation. (ECF No. 73.) Specifically, they seek to postpone: (1) expert depositions, except the deposition of Plaintiff's expert Joe Thompson; (2) deposition of Plaintiff's employer, Ridgeline; and (3) deposition of Plaintiff's treating physicians and siblings, until after the filing of summary judgment and mediation, which is scheduled for October 27, 2026. (*Id.*)

## II. MOTION TO AMEND

Plaintiff moved for leave to file a second amended complaint after expiration of the Court's amendment deadline on August 15, 2025. (ECF No. 59, at PAGEID #: 651; ECF No. 59-1, at PAGEID #: 659.) The proposed pleading would add an Ohio Product Liability Act ("OPLA") claim against DEPCOM based on Plaintiff's theory that DEPCOM supplied or commercially leased the subject pile driver to Ridgeline, and that DEPCOM also qualifies as a "supplier" for purposes of OPLA liability. (ECF No. 59-1, at PAGEID #: 655, 660–61.) DEPCOM opposes the motion, arguing that Plaintiff had information regarding DEPCOM's ownership and provision of the pile driver before the amendment deadline; that the proposed amendment would prejudice DEPCOM by introducing a new liability theory requiring additional discovery and expert work; and that the new claim would be futile because DEPCOM is not an OPLA supplier. (ECF No. 64, at PAGEID #: 1082–83, 1085–91, 1093–99.)

### A. Legal Standard

Generally, motions to amend pleadings are governed by Rule 15(a) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 15(a). However, after the Court has entered a scheduling order and the deadline for amendments has passed, motions to amend the pleadings "first must be analyzed under Rule 16(b) before determining whether the motion satisfies Rule 15(a)." *Cooke v. AT&T Corp.*, No. 2:05-CV-374, 2007 WL 188568, at *1 (S.D. Ohio Jan. 22, 2007); *see also Carrizo (Utica) LLC v. City of Girard, Ohio*, 661 F. App'x 364, 367 (6th Cir. 2016) (citing *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003)).

Under Rule 16, the Court will modify a case scheduling order "only for good cause." Fed. R. Civ. P. 16(b)(4); *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in

attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (citation and quotations omitted); *accord Leary,* 349 F.3d at 906 ("[A] court choosing to modify the schedule upon a showing of good cause[] may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension." (citation and quotations omitted)). "Another important consideration . . . is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625). But even if the opposing party would not be prejudiced, a plaintiff must still provide good cause for failing to move to amend by the Court's deadline. *See Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 450 (6th Cir. 2010); *Wagner v. Mastiffs*, Nos. 2:08-cv-431, 2:09-cv-0172, 2011 WL 124226, at *4 (S.D. Ohio Jan. 14, 2011) ("[T]he absence of prejudice to the opposing party is not equivalent to a showing of good cause.").

If good cause is shown under Rule 16, the Court then considers whether amendment is appropriate under Federal Rule of Civil Procedure 15. Under Rule 15(a)(2), the Court should freely give leave for a party to amend its pleading "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits" (internal quotations omitted)).

"Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). A court may deny a motion for leave to

amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

**B. Analysis**

Plaintiff contends that good cause exists for him to file a second amended complaint because Plaintiff has "developed evidence in discovery which now necessitates the amendment of his claims." (ECF No. 59-1, at PAGEID # 655.) Specifically, Plaintiff seeks leave to add a product liability claim against DEPCOM because he contends that evidence and testimony now support that DEPCOM constitutes a "supplier" under Ohio law. (*Id.* at PAGEID #: 559.) Plaintiff contends that there was no delay here because he requested leave to amend only after discovering additional facts "that supported a good faith basis to believe a claim in product liability under OPLA was warranted against DEPCOM." (*Id.* at PAGEID #: 663.) Plaintiff next contends that there will be no prejudice to Defendants because the proposed second amended complaint only adds a new substantive claim against DEPCOM, who is already a party to this case, and that there is otherwise already a pending product liability claim pending against another party—meaning, as Plaintiff argues, any additional discovery efforts, if any, would be minimal. (*Id.* at PAGEID #: 664.) Plaintiff further contends that this request is made in good faith and otherwise not futile.

DEPCOM opposes Plaintiff's request, contending that the fact that DEPCOM provided the pile driver was known to Plaintiff as early as March 2025, which was prior to the deadline for amending the pleadings. (ECF No. 64, at PAGEID #: 1083.) Specifically, DEPCOM argues that Plaintiff alleged in his first amended complaint, filed on April 10, 2025, that DEPCOM purchased the pile driver that caused the injury. Additionally, in April 2025, Plaintiff's counsel asked to inspect the at-issue pile driver in DEPCOM's possession, and in September 2025 Plaintiff testified

that DEPCOM provided the at-issue pile driver. (*Id.* at PAGEID: 1085–86.) Thus, DEPCOM disagrees that such information is new or that Plaintiff was diligent in moving to amend the complaint.

Plaintiff clarifies in his Reply that the new information was not that DEPCOM provided the pile driver, rather, the new information was that DEPCOM regularly supplied pile drivers as a "reoccurring business activity" such that Plaintiff can now allege in good faith that DEPCOM constitutes a supplier for purposes of OPLA. (ECF No. 65, at PAGEID #: 1145.) Plaintiff represents that such information did not become known until after the depositions of certain key DEPCOM employees, after which Plaintiff "acted within weeks of the depositions" to file his motion to amend the complaint. (*Id.* at PAGEID #: 1146.)

Upon review, the Court finds that Plaintiff has sufficiently established good cause under Rule 16 and otherwise meets the requirements of Rule 15 to amend his complaint. Here, Plaintiff moved to amend shortly after he obtained information that he believed was sufficient to assert a claim under the OPLA against DEPCOM. Contrary to Atlanta Farms's arguments, Plaintiff represents that the new evidence is not that DEPCOM supplied the pile driver, but that providing pile drivers is something DEPCOM regularly does in the course of its business, which was needed to support an OPLA claim. Further, Plaintiff represents that such information only became known after certain depositions were taken. Moreover, the Court does not find that DEPCOM will be greatly prejudiced by the addition of this claim, as there is already an OPLA claim asserted against another Defendant, and, otherwise finds persuasive Plaintiff's argument that information produced by DEPCOM regarding the negligence claim will largely overlap with the newly added OPLA claim. (*See* ECF No. 65, at PAGEID #: 1148.)[1] Finally, although the primary thrust of

[1] Should the parties require additional discovery as it relates to this new claim, the Court will permit a brief extension of time to accommodate limited additional discovery as it relates to this claim.

DEPCOM's argument is that the amendment will be futile, the Undersigned finds that there is enough of a "substantial argument to be made on that question" such that the amendment should be allowed to proceed, and reserves ruling on the merits of the claim for the District Judge. *See Durthaler v. Accounts Receivable Mgmt., Inc.*, No. 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) (finding that the futility argument is akin to the arguments raised in a motion to dismiss, which is the purview of the district judge).

That said, although the Court finds that Plaintiff may have leave to amend his complaint, the proposed version contains errors such that it cannot be filed in its current form. (*See* ECF No. 59-2.)

First, although Plaintiff's motion to amend and proposed amended complaint purport to add back in Defendants Dominion Energy, Inc., Dominion Energy Services, Inc., and Dominion Solar Projects VII, Inc. (collectively, "Dominion Defendants"), Plaintiff does not name the Dominion Defendants as parties in the body of the proposed complaint, nor are there any specific allegations or relief sought from them. (*See generally*, ECF No. 59-2.) Moreover, Plaintiff acknowledges in his Reply that he is not advancing any new substantive causes of action against the Dominion Defendants and does not oppose the Court striking the references to those Defendants in the case caption. (Reply, ECF No. 65, at PAGEID #: 1143.) Rather than striking them, however, the Court finds that the better course of action will be for Plaintiff to file a revised, second amended complaint that eliminates all references to the Dominion Defendants.

Second, Plaintiff's proposed second amended complaint still contains unidentified John Does and ABC corporations. At this stage of the litigation, such continued use of pseudonymous defendants is impermissible. Under Federal Rule of Civil Procedure 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action

> without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In addition, Federal Rule of Civil Procedure 10(a) requires a plaintiff to "name all the parties" in the Complaint. Fed. R. Civ. P. 10(a). Though the naming of pseudonymous defendants is permissible where the party requires discovery to identify the true identity of the defendants, the party must subsequently amend the complaint to reflect the discovered identities and effect service over those named parties within Rule 4(m)'s 90-day window. *See Petty v. Cnty. of Franklin*, 478 F.3d 341, 345–46 (6th Cir. 2007) (affirming district court's dismissal of unnamed John Doe defendants pursuant to Rule 4(m) where the plaintiff failed to substitute the real names for his John Does and had failed to serve them within Rule 4(m) timeframe). Plaintiff is well-past the 90-day deadline, yet he has not identified the pseudonymous defendants, and his proposed second amended complaint does not otherwise cure this deficiency. Thus, Plaintiff is **ORDERED** to **SHOW CAUSE** by **SEPTEMBER 23, 2026**, why the Court should not dismiss the fictitious entities under Rule 4(m) for failure to timely effectuate service and under Rule 10(a) for failure to name all parties in the Complaint.[2] In the alternative, Plaintiff may omit the John Doe and ABC Corporation Defendants from his second amend complaint when he re-files.

In sum, Plaintiff's motion to amend his complaint is **GRANTED**. (ECF No. 59.) By September 23, 2026, Plaintiff shall file a revised, second amended complaint that eliminates the

---

[2] The Court further notes that any show cause response should address the relevant Rule 15(c) factors as to whether there is legal justification to change a named party at this juncture. *See Whitfield v. Runyan*, No. 3:24-CV-252, 2026 WL 815255, at *4 (S.D. Ohio Feb. 4, 2026), *report and recommendation adopted*, 2026 WL 814328 (S.D. Ohio Mar. 24, 2026) (A plaintiff "cannot circumvent the statute of limitations by naming 'John Doe' defendants in his pleadings." This is because by "replacing a 'John Doe' with a named party in effect constitutes a change in the party sued," and "[s]uch an amendment may only be accomplished when all of the specifications of Fed. R. Civ. P. 15(c) governing relation back of an amendment are met." (citing *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (cleaned up)).

Dominion Defendants. Plaintiff is further ordered to **SHOW CAUSE on or before September 23, 2026**, as to why the Court should permit additional time for him to identify the John Does and ABC Corporations named in the complaint; or Plaintiff shall eliminate the references to the same in his revised, second amended complaint. Plaintiff shall make no other alterations to the revised, second amended complaint that differ from the proposed version filed in ECF No. 59-2, except for the required changes noted in this Opinion and Order.

## III. MOTION TO DEFER OR DENY ATLANTA FARMS' MOTION FOR SUMMARY JUDGMENT

Atlanta Farms filed a motion for summary judgment approximately seven months before discovery closed, relying almost exclusively on Plaintiff's deposition testimony to support its position. (ECF No. 48.) Plaintiff did not file a substantive response. Instead, he moved pursuant to Rule 56(d) for the Court to defer or deny without prejudice Atlanta Farms's motion so that Plaintiff could have additional time to conduct relevant discovery. (ECF No. 49.) In light of the Court's granting of Plaintiff's second amended complaint, however, both parties' motions are **DENIED as MOOT**. (ECF Nos. 48 and 49.)

## IV. JOINT MOTION TO AMEND THE CASE SCHEDULE

All parties move to defer certain depositions until after the resolution of summary judgment motions and tentative mediation set for October 27, 2026. (ECF No. 73.) Specifically, they seek to defer:

1. All expert depositions, except the deposition of Plaintiff's expert Joe Thompson;
2. Deposition of Plaintiff's employer, Ridgeline Renewables; and
3. Depositions of Plaintiff's treating physicians and siblings.

(ECF No. 73.)

The Court **GRANTS** the request but cautions the parties that the Court will not entertain more than one dispositive motion filed by each party absent extraordinarily good cause. (ECF No.

73.) Thus, to the extent these witnesses could produce information relevant to the dispositive motions, the parties should file a renewed motion and seek an extension of both the discovery and dispositive motion deadlines instead.

## V. CONCLUSION

In sum, Plaintiff's motion to amend his complaint is **GRANTED**. (ECF No. 59.) By **September 23, 2026**, Plaintiff shall file a revised, second amended complaint that eliminates the Dominion Defendants. Plaintiff is further ordered to **SHOW CAUSE on or before September 23, 2026**, as to why the Court should permit additional time for him to identify the John Does and ABC Corporations named in the complaint; or Plaintiff shall eliminate the references to the same in his revised, second amended complaint.

Atlanta Farms's Motion for Summary Judgment (ECF No. 48) and Plaintiff's Motion under Rule 56(d) (ECF No. 49) are **DENIED as MOOT**.

The parties' Joint Motion to Defer Certain Depositions is **GRANTED**. (ECF No. 73.)

Finally, the parties shall file a joint status report within **FOURTEEN DAYS** after the conclusion of mediation to provide an update as to the outcome.

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**