**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **EARL KENNON,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Case No. 2:25-cv-00204** |
| | : | **Judge James L. Graham** |
| | : | **Magistrate Judge S. Courter M. Shimeall** |
| **DEPCOM POWER INC., *et al.*,** | : | |
| **Defendants.** | : | |

**OPINION AND ORDER**

This matter is before the Court on Defendant DEPCOM Power, Inc.'s Motion to File Under Seal. (ECF No. 88.) For the reasons that follow, Defendant's Motion is **GRANTED**.

**I.**

There is a strong presumption in favor of public access to judicial records. *Stanley v. Turner Oil & Gas Properties, Inc.*, No. 2:16-CV-386, 2017 WL 5068444, at *1 (S.D. Ohio July 24, 2017). The Sixth Circuit has directed that documents filed with the Court may be placed under seal only for "the most compelling reasons." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). "A movant's obligation to provide compelling reasons justifying the seal exists even if the parties themselves agree the filings should be sealed." *White v. Wilberforce Univ.*, No. 1:16-CV-1165, 2017 WL 3537233, at *2 (S.D. Ohio Aug. 17, 2017) (emphasis in original) (citing *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016)).

To overcome that strong presumption of openness, a party seeking to seal court records "must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly

tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019). And the parties seeking to seal documents must demonstrate "document-by-document, line-by-line" why they meet their burden to seal. *Shane Grp.*, 825 F.3d at 308. The party seeking the seal must therefore "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). These reasons and legal citations must be sufficient for a district court to "set forth specific findings and conclusions which justify nondisclosure to the public." *Rudd Equip. Co.*, 834 F.3d at 594 (citations and quotations omitted).

Generally, "in civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 308 (cleaned up). "[T]he privacy interests of innocent third parties" can also be a serious consideration for sealing. *Id.*

Ultimately, the moving party must demonstrate that "disclosure will work a clearly defined and serious injury . . . . And in delineating the injury to be prevented, specificity is essential." *Id.* at 307–08 (internal citations and quotations omitted). Moreover, simply filing redacted public versions of the documents does not absolve the moving party from conducting this document-specific and narrowly tailored analysis. Instead, the Sixth Circuit's "heavy burden" for sealing "applies equally to both sealing and redacting documents from the public record." *NFocus Consulting Inc. v. Uhl*, No. 2:20-CV-5106, 2020 WL 12687859, at *1 (S.D. Ohio Dec. 29, 2020) (citing *Shane Grp.*, 825 F.3d at 305–06).

**II.**

Defendant moves for leave to file to under seal Exhibits L and P from its Motion for Summary Judgment. The Court will address each Exhibit in turn.

**Exhibit L**

Defendant represents that Exhibit L is "course materials from Plaintiff's OSHA 10-Hour Construction Industry Course, which were produced by non-party CareerSafe LLC pursuant to a subpoena and designated as CONFIDENTIAL." (ECF No. 88, at PAGEID #: 5054.) CareerSafe has indicated that these records are an "architectural blueprint" and thus contain proprietary commercial value. (*Id.*) The Sixth Circuit has made clear that "'the privacy interests of innocent third parties should weigh heavily in a court's balancing equation.'" *Shane Grp.*, 825 F.3d at 308 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)); *see also Veritas Indep. Partners, LLC v. Ohio Nat'l Life Ins. Co.*, No. 1:18-CV-769, 2024 WL 986280, at *6 (S.D. Ohio Mar. 7, 2024) (finding that confidential and proprietary training documents met the standard for sealing). Based on the foregoing, Defendant's request to seal Exhibit L, which contains a non-party's proprietary training documents, is granted.

**Exhibit P**

Defendant represents that Exhibit P is a copy of Plaintiff's "medical records from the Grant Medical Center on the date of the Incident, March 13, 2023." (ECF No. 88, at PAGEID #: 5055.) Courts have found that sealing confidential and sensitive medical information is supported by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), a federal law that seeks to ensure the security and privacy of health information, *Wade v. Vabnick-Wener*, 922 F. Supp. 2d 679, 687 (W.D. Tenn. 2010), and represents a "strong federal policy in favor of protecting the privacy of patient medical records." *Cluck v. Unum Life Ins. Co. of Am.*, No. 2:18-CV-56, 2019

WL 6310058, at *2 (S.D. Ohio Nov. 25, 2019) (citations omitted); *Harter v. Franklin Cnty. Bd. of Commissioners*, No. 2:23-CV-2995, 2024 WL 4149245, at *2 (S.D. Ohio Sept. 11, 2024) ("C]ourts have recognized a person's interest in the privacy of their health information as a legitimate basis for sealing." (cleaned up)). Accordingly, Defendant's request to seal Plaintiff's medical record is granted.

**III.**

For the reasons stated herein, Defendant's Motion to seal is **GRANTED**. (ECF No. 88.) Exhibits L and P attached to Defendant's Motion to seal shall remain sealed (ECF No. 88-1 and 88-2), but the Clerk is **DIRECTED** to unseal the motion to seal itself. (ECF No. 88.)

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**